DÁVILA, DEMANDANTE Y APELANTE, *v.* DEL CAMPO ET AL., DEMANDADOS Y APELADOS.

No. 3287.—*Visto:* Abril 28, 1924. *Resuelto:* Mayo 2, 1924.

DESESTIMACIÓN DE APELACIÓN POR FALTA DE ALEGATO—DISCRECIÓN DEL TRIBUNAL SUPREMO.—Para que el Tribunal Supremo ejercite su discreción en favor de un apelante que ha radicado su alegato fuera de término y después de notificársele una moción de desestimación, debe estar convencido de que existe una apelación meritoria o que se ha promovido alguna cuestión dudosa.

CONCEJO DE ADMINISTRACIÓN—RESPONSABILIDAD CIVIL DE LOS MIEMBROS DEL CONCEJO DE ADMINISTRACIÓN—*Quaere.*—Si la responsabilidad civil a que se refiere

el artículo 42 de la Ley Municipal por los perjuicios que causaren a los particulares los miembros del concejo de administración es por actos ejecutados por ellos individual o colectivamente.

Sentencia de *Pablo Berga*, J. (Humacao), declarando sin lugar la demanda, sin costas. *Desestimada la apelación a instancia del apelado.*

*L. Toro Cabañas y A. Rodríguez*, abogados del apelante; *J. Soto Rivera*, abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Los apelados presentaron una moción para desestimar esta apelación por no haber sido radicado el alegato oportunamente. De los autos aparece que fué declarada con lugar una excepción previa formulada a la demanda y que después se dictó sentencia contra el demandante el día 28 de enero de 1924. Los autos fueron radicados en esta corte el día 6 de marzo de 1924. El término para radicar el alegato vencía a los diez días siguientes. La moción para desestimar la apelación se radicó y notificó en 14 de abril de 1924. El día 28 de abril el apelante archivó una contestación a la moción, un alegato sobre el caso principal y un *affidavit* de méritos.

La contestación no es satisfactoria toda vez que frecuentemente hemos resuelto que las meras ocupaciones profesionales no constituyen excusa para presentar un documento fuera del término autorizado por la ley. Dichas meras ocupaciones profesionales nunca son excusa para no solicitar una prórroga del término para radicar un alegato. En cambio, cuando el apelante radica un alegato con razonable prontitud hemos estado dispuestos, aunque el término haya vencido, a ser liberales al conocer de una apelación. Sin embargo, debemos estar convencidos de que existe una apelación meritoria, o que se ha promovido alguna cuestión dudosa. El demandante trataba de hacer responsable a los miembros del concejo individualmente por la nulidad de un contrato para la venta de la finca.

Se admite que el concejo municipal que celebró el alegado contrato para comprar la finca en cuestión no tenía autoridad alguna para ello. La facultad pertenecía a la asamblea municipal. El apelante cita el artículo 42 de la Ley Municipal para determinar una responsabilidad a los miembros del concejo, (Ley No. 85, 1919 p. 685). Dicho artículo es, como sigue:

"Artículo 42.—Cada uno de los miembros del concejo de administración tendrá bajo su dirección y control las oficinas y servicios correspondientes a su cargo; cuidará de la ejecución de todas las ordenanzas y acuerdos referentes a las materias comprendidas en la denominación de su empleo; certificará los pagos que deban hacerse por su departamento, dentro de las asignaciones del presupuesto; nombrará los empleados de su oficina, con el consentimiento y aprobación del concejo, y podrá destituirlos con igual aprobación por justa causa, previa audiencia por escrito del interesado, y en primero de agosto de cada año, rendirá un informe anual a la asamblea municipal de los asuntos de su departamento; preparará los proyectos de ordenanza que atañan a éste; y los someterá al concejo de administración; suministrará al concejo, a la asamblea y al comisionado de servicio público, policía y prisiones todos. los datos e informes que se le pidieren, relacionados con sus oficinas; desempeñará todos los deberes adicionales que prescribiere el concejo; cumplirá las reglas que dictare el comisionado de servicio público, policía y prisiones en cuanto al cumplimiento de sus deberes y obligaciones, y será responsable de la dirección y funcionamiento de su departamento, y civilmente de cualquier perjuicio que cause a los particulares con sus actos y omisiones, por malicia, negligencia o ignorancia inexcusable. Las ordenanzas relativas a asuntos sanitarios deberán ser aprobadas por el Comisionado Insular de Sanidad."

Parece que la responsabilidad que aquí se indica se refiere a los actos ejecutados en el departamento particular de cada miembro del concejo y no a sus actos legislativos o en concejo, pues tales actos son generalmente privilegiados.

El apelante no nos convence de que constituye negligencia inexcusable por parte de un miembro del concejo incurrir en el mismo error de derecho en que incurrió el propio apelante. Generalmente debiéramos decir que un error de

ley cometido por un funcionario público de buena fe, creyendo él mismo tener facultad, sería una ignorancia ·excusable dentro del significado del estatuto, especialmente cuando estaba dentro del alcance del demandante el conocer la condición de la ley.

La corte inferior también resolvió que en la demanda no se alegaba ninguna pérdida o daño especial sufrido por el demandante con motivo del alegado incumplimiento de contrato. Los daños por no cumplir con un contrato de venta serían al parecer por su naturaleza especiales y el demandante debe entonces alegar y probar los. daños reales y no descansar en referencias generales sobre daños.

Estas y otras consideraciones nos llevan a la conclusión de que el apelante no ha demostrado una apelación meritoria y por tanto *debe sostenerse la moción para desestimar la apelación por falta de alegato.*